IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND and HOWARD MCDOUGALL, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 10 C 3718 |
| ALLIED SYSTEMS, LTD. and TRANSPORT SUPPORT, L.L.C., | ) ) ) ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiffs' motion for summary judgment. For the reasons stated below, the motion for summary judgment is granted.

# BACKGROUND

Plaintiff Central States, Southeast and Southwest Areas Pension Fund (Fund) is an employee benefit plan and trust. Plaintiff Howard McDougall is a trustee of the Fund. Defendant Allied Systems, Ltd. (Allied) and Defendant Transport Support, L.L.C. (Transport) allegedly entered into collective bargaining agreements with various unions and pursuant to such agreements, Defendants have agreed to pay certain contributions to the Fund. Defendants allegedly failed to make the required

1

contributions for the months of July 2009 and August 2009. Plaintiffs also contend that although Defendants paid the owed contributions for May 2010, the payments were delinquent. The Fund brought the instant action pursuant to The Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* seeking to recover the unpaid contributions. Defendants originally filed an answer to the complaint and a counterclaim. However, Defendants subsequently filed an amended answer that did not include a counterclaim. Plaintiffs now move for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences in

favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

Plaintiffs seek to recover the unpaid contributions by Defendants as well as liquidated damages and interest. Although Defendants do not dispute that they owe contributions, Defendants oppose the request by Plaintiffs for liquidated damages and interest.

I. Contributions Owed

Plaintiffs argue that it is undisputed that Defendants still owe contributions for July 2009 and August 2009. Pursuant to 29 U.S.C. § 1145 (Section 1145) of ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." *Id.* In addition, it is undisputed that Defendants entered into a Pension Fund Trust Agreement (Trust Agreement), which provides that "[e]ach Employer shall remit continuing and prompt contributions to the Trust Fund as required by the applicable collective bargaining agreement to which the Employer is a party." (R SF Par. 15).

Plaintiffs contend that Transport owes $25,198.00 for unpaid contributions in

3

July 2009 and $83,204.40 for unpaid contributions in August 2009 for a total of $108,402.40. (Mem. SJ. 7). Plaintiffs contend that Allied owes $990,114.60 for unpaid contributions in July 2009 and $2,008,524.20 for unpaid contributions in August 2009 for a total of $2,998,638.80. (Mem. SJ. 7). Defendants do not dispute that they were obligated to make the contributions. (R SF Par. 11-16, 25-28). Defendants also admit that they have not paid the contributions. (R SF Par. 23-24); (Ans. Mot. 1). Therefore, to the extent that Plaintiffs move for summary judgment on the issue of the reimbursement for unpaid contributions for July 2009 and August 2009, the motion for summary judgment is granted.

II. Liquidated Damages

Plaintiffs also seek liquidated damages against Defendants. Pursuant to 29 U.S.C. § 1132(g)(2) (Section 1132(g)(2)),

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce [Section 1145] in which a judgment in favor of the plan is awarded, the court shall award the plan–
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of--
> (i) interest on the unpaid contributions, or
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

29 U.S.C. § 1132(g)(2). Under Section 1132(g)(2), a plaintiff may seek the greater of double interest or single interest plus liquidated damages. *Id.* Plaintiffs have chosen to seek single interest and liquidated damages. (Mem. SJ 5). Plaintiffs seek liquidated damages for the delinquent payments not yet made for July 2009 and August 2009. Plaintiffs also seek liquidated damages for the delinquent payments that were made for May 2010. Although Defendants have paid the May 2010, contributions, it is undisputed that the May 2010 contributions were due on June 15, 2010, and that the payment was not received until June 25, 2010. (R SF Par. 25). Plaintiffs seek $21,680.48 in liquidated damages against Transport for the July 2009 and August 2009 contributions and $12,043.92 in liquidated damages against Transport for the delinquent May 2010 contributions. (Mem. SJ 5, 7). Plaintiffs seek $599,727.76 in liquidated damages against Allied for the July 2009 and August 2009 contributions and $426,773.32 in liquidated damages against Allied for the delinquent May 2010 contributions. (Mem. SJ 5, 7).

The court notes that on page 5 of Plaintiffs' memorandum in support of the instant motion, Plaintiffs indicate that the liquidated damages sought against Allied for the July 2009 and August 2009 contributions total $599,637.76. (Mem. SJ5). However, it is apparent that the $599,637.76 figure was entered in error by

Plaintiffs. Subsequently, Plaintiffs include in their memorandum and in their reply the correct $599,727.76 figure. (Mem. SJ 7);(Reply 2). Even when Plaintiffs include the $599,637.76 figure in their memorandum, Plaintiffs indicate that it is based on a calculation of $2,998,638.80 times (.20), which totals $599,727.76. Thus, the proper liquidated damages against Allied for the July 2009 and August 2009 contributions is $599,727.76.

### A. Mandatory Obligation to Pay

Plaintiffs assert that Defendants have a mandatory obligation to pay the liquidated damages. It is undisputed that Defendants entered into the Trust Agreement, which obligated Defendants to make timely contributions. (R SF Par. 1). It is also undisputed that the Trust Fund, both prior to February 2010, and after the effective date of amendment, provided for the payment of such liquidated damages for delinquent payment of contributions to Fund. (R SF Par. 16-17). Defendants have not pointed to any language in the Trust Fund or any other agreement that indicates an amount for liquidated damages other than what Plaintiffs are seeking under the Trust Agreement. The Seventh Circuit has made clear that the payment of liquidated damages is a mandatory rather than a discretionary determination on the part of the court. *See Central States, Southeast and Southwest Areas Pension Fund v. Slotky*, 956 F.2d 1369, 1377 (7th Cir. 1992)(indicating that "interest, liquidated damages, and attorney's fees" are "mandatory add-ons in (successful) suits to enforce section 1145"); *Laborers' Pension Fund v. RES Environmental Services,*

*Inc.*, 377 F.3d 735, 739 (7th Cir. 2004)(stating that ERISA "permits the prevailing party to collect the interest on unpaid contributions plus liquidated damages as provided for under the plan"). Thus, the liquidated damages sought by Plaintiffs, in accordance with the terms of the Trust Agreement, are mandatory and Defendants' request to this court to decline to award such damages is without merit. The court also notes that even if the award of liquidated damages was discretionary, the award sought by Plaintiffs in this instance is warranted based on the facts before the court.

### B. Unconscionability

Defendants contend that to award liquidated damages to Plaintiffs would be unconscionable. Defendants argue that the payment for the May 2010 contributions was only ten days late and that it is arbitrary and capricious for Plaintiffs to seek liquidated damages for such a short delinquency, when, according to Defendants, Plaintiffs have not sought such liquidated damages from other employers on prior occasions. Defendants, however, fail to cite any controlling precedent that holds that a fund's enforcement of an agreement is unconscionable based on prior dealings with other employers. In fact, it is undisputed that the Trust Agreement that Defendants entered into specifically forecloses any such defense stating that the "[n]on payment by an Employer of any moneys due shall not relieve any other Employer from his obligation to make payment." (R SF Par. 16). Thus, whether Plaintiffs have required other employers in the past to pay liquidated damages is not relevant in this action.

Defendants cite to *Hess v. Reg-Ellen Machine Tool Corp.*, 423 F.3d 653 (7th Cir. 2005) for the proposition that the Seventh Circuit has recognized "evidence of inconsistent interpretations as a factor to be considered in determining whether a plan administrator's decision is arbitrary and capricious. . . ." *Id.* at 663; (Ans. Mot. 5). However, *Hess* involved an action brought by former employees against the administrator of their retirement plan, whereas the instant action involves a fund suing to recover contributions from an employer that are owed to a fund. *Id.* at 655-56. In *Hess*, the issue before the court was the plan administrator's interpretation of the plan terms and decision concerning whether to grant benefits was arbitrary and capricious, whereas in the instant action Defendants argue that Plaintiffs' decision concerning what damages to seek from employers that owe money to a fund is arbitrary and capricious. *Id.* at 663-64. Thus, *Hess* is not on point in this action.

Defendants also argue that Plaintiffs in the past have consistently settled with employers in such instances and have not required employers to pay liquidated damages. Settlement negotiations in prior actions are not part of the official record and are not relevant to the instant action. Defendants cite no controlling precedent that indicates that such matters should be considered by a court in awarding liquidated damages. What course of action Plaintiffs deemed prudent in prior cases based on the specific circumstances of those cases is not relevant in the instant action.

Even, if for the sake of argument, Defendants are correct that Plaintiffs did not treat Defendants in the exact manner as they did some other employer on a prior

8

occasion, Defendants admittedly failed to make the required contributions in this case. There is no unfairness or unconscionability because Defendants are held to the bargain that they entered into with Plaintiffs and are required to pay liquidated damages as provided in the Trust Agreement and ERISA. *Operating Engineers Local 139 Health Benefit Fund v. Gustafson Const. Corp.*, 258 F.3d 645, 650 (7th Cir. 2001)(stating that "[p]eople generally are held to the agreements they sign"). Defendants have not shown themselves to be unsophisticated parties, that the amounts sought in liquidated damages are unduly exorbitant, or that any other factors would warrant a finding of unconscionability. The Seventh Circuit has explained that although Section 1132(g)(2) should not "be used as a tool to harass the employer, the court should also be sure to enforce the mandatory relief provisions when plaintiffs are entitled to recover delinquent contributions" and that "[i]n enacting these provisions . . . , Congress made quite evident its intention to discourage delinquency and to permit plans to recover their collection costs." *Gilles v. Burton Const. Co.*, 736 F.2d 1142, 1146 n.6 (7th Cir. 1984). Defendants admit that they are untimely in paying the contributions that they agreed to pay and there has been no showing that Plaintiffs' efforts to collect the amounts owed and the agreed liquidated damages are part of an effort to harass Defendants. Thus, Defendants have not shown that they should be relieved from their mandatory obligation to pay liquidated damages based on alleged prior treatment of other employers. Nor have Defendants shown that the amount of liquidated damages sought is exorbitant or would be unconscionable. *See, e.g. Gustafson*, 258 F.3d at

654-55 (indicating that exorbitant interest or damages could be unconscionable).

### C. Contributions Not Delinquent When Case Filed

Defendants argue that they should not be required to pay liquidated damages for the delinquent May 2010 contributions since the payment was due on the date the instant action was filed and therefore Defendants were not yet delinquent when the instant action was filed. There is no dispute that the instant action was initiated on June 15, 2010, the date that the May 2010 contributions were due. In addition, Defendants have not disputed that the May 2010 contributions were not received by Plaintiffs until June 25, 2010. (R SF Par. 25). Therefore, without regard to when this action was filed, Defendants were delinquent in paying the May 2010 contributions and therefore Defendants are required to pay liquidated damages.

Defendants also attempt to raise various tangential facts as to why the May 2010 payment was untimely, but Defendants do not point to any evidence that would excuse their delinquency. Defendants argue that "[t]he bottom line is that the May payment was not late when Plaintiff's [sic] sued. . . ." (Ans. Mot. 15). However, that does not excuse Defendants from being subject to liquidated damages in accordance with the Trust Agreement that Defendants entered into with Plaintiffs. Thus, Defendants are liable for liquidated damages for delinquent contributions, even if the amounts were eventually paid.

### D. Payment of Contributions Prior to Judgment

Defendants argue that they should not be required to pay liquidated damages because they are willing to pay the delinquent contributions prior to the entry of a judgment in this case. However, an employer is not excused from the liquidated damages provisions in Section 1132(g)(2) simply by paying contributions prior to the entry of a judgment. As Defendants agreed in the Trust Agreement, liquidated damages are due on delinquent contributions, and Defendants have admitted that the contributions were owed for July 2009 and August 2009 and are long past due. Defendants cite to no controlling precedent to support their position that an employer could avoid liquidated damages simply by paying delinquent contributions prior to the entry of a judgment. *See, e.g., Chicago Dist. Council of Carpenters Pension Fund v. Industrial Erectors, Inc.*, 840 F.Supp. 1248, 1254 (N.D. Ill. 1993)(stating that "many circuits have held that as long as there were unpaid contributions at the time the plaintiff filed suit, the plaintiff is entitled to interest and liquidated damages even if the Defendant tendered the unpaid contributions prior to judgement").

Defendants point to the language in Section 1132(g)(2), which indicates that liquidated damages are to be awarded in an action "in which a judgment in favor of the plan is awarded. . . ." 29 U.S.C. § 1132(g)(2). However, such language merely indicates that a plaintiff must first obtain a judgment in their favor before any damages can be obtained, including liquidated damages. Nowhere in Section 1132(g)(2) is there any indication that payment by a defendant prior to the entry of a

judgment will render the liquidated damages section inapplicable. Similarly, Defendants point to language in the Trust Agreement that references a judgment, but, again, that does not mean that an employer can avoid all penalties by paying delinquent contributions prior to the entry of a judgment. To allow an employer to avoid penalties, such as liquidated damages, merely by paying at the last second after a fund is forced to expend resources and take legal action would not be consistent with the goal of Section 1132(g)(2) "to discourage delinquency. . . ." *Gilles*, 736 F.2d at 1146. Thus, Defendants are not excused from paying liquidated damages by paying contributions prior to the entry of a judgment in this action. Therefore, the court grants Plaintiffs' motion for summary judgment as to the award of liquidated damages.

III. Interest

Plaintiffs also seek interest on the delinquent contributions. Plaintiffs seek $10,222.80 in interest against Transport for the delinquent July 2009 and August 2009 contributions and $43.76 in interest against Transport for the delinquent May 2010 contributions. (Mem. SJ 5, 7). Plaintiffs seek $284,090.83 in interest against Allied for the delinquent July 2009 and August 2009 contributions and $1,749.36 in interest against Allied for the delinquent May 2010 contributions. (Mem. SJ 5, 7). Defendants object to the payment of any interest. However, as indicated above, as with an award of liquidated damages, an award of interest is also mandatory. Also, it

is undisputed that Defendants entered into the Trust Agreement which provided for the payment of interest. Defendants also contend that the interest award would be unconscionable based on prior dealings with other employers, but such a position lacks merit for the reasons stated above in regard to liquidated damages.

Defendants also argue that it is unfair to apply the increased interest rate in the amended Trust Agreement to contributions that were delinquent prior to the amendment of the Trust Agreement that became effective on February 15, 2010. Plaintiffs argue that it is undisputed that the Trust Agreement authorized Plaintiffs to amend the Trust Agreement and alter terms, such as the interest rates, and that Defendants have thus conceded to being subject to the interest rate in the amended Trust Agreement. However, Plaintiffs have failed to point to language in the Trust Agreement or to legal support that shows that the contributions that were delinquent prior to the amendment in the Trust Agreement would be subject to the interest rate in the amended Trust Agreement. Thus, any interest owed prior to February 15, 2010 should be calculated according to the terms of the Trust Agreement in effect before the amendment. The court notes that this conclusion is consistent with statutory interpretation principles, under which there is a presumption that relief set forth in a statute is solely prospective relief and is not retroactively applied. *See, e.g., Middleton v. City of Chicago*, 578 F.3d 655, 662 (7th Cir. 2009)(stating that "it is well established that a court should not apply a newly enacted statutory provision retroactively unless Congress has clearly mandated such an extension"). Therefore,

based on the undisputed facts, the court grants Plaintiffs' motion for summary judgment as to the award of interest, but the calculation of the amount of interest owed for delinquent contributions prior to February 15, 2010, is to be calculated according to the terms of the Trust Agreement in effect prior to that date.

IV. Discovery

Defendants contend that before the court resolves the liquidated damages issue, Defendants should be allowed to conduct discovery. Generally, parties should be allowed to conduct discovery prior to the briefing of summary judgment motions. *See, e.g., Farmer v. Brennan*, 81 F.3d 1444, 1449 (7th Cir. 1996). However, in this case, Defendants have failed to point to any material facts that they would need discovery to address and Defendants have not shown any necessity for discovery. Defendants argue that they should be permitted to conduct discovery into matters, for example, such as whether Plaintiffs have consistently applied deadlines in the past with other employers. However, as explained above, Plaintiffs' dealings with other employers in other instances are not relevant in this action and do not excuse Defendants from their obligations. Defendants also seek, for example, discovery on the issue of the reason for the increase in the interest rate in the amended version of the Trust Agreement. However, such facts are not relevant to the resolution of the instant motion. Plaintiffs have shown that the material facts are available based on the record at this juncture and are undisputed. Defendants have not shown any necessity to conduct discovery in order to respond to the instant motion, and judicial

14

economy would not be promoted by a needless expenditure of the parties' resources during such discovery. Finally, the court notes also that Defendants have asserted affirmative defenses in response to the complaint in this action and Defendants have not pointed to evidence in response to the instant motion to show that a reasonable jury could find any such defenses to be meritorious.

Based on the above, the court grants Plaintiffs' motion for summary judgment in is entirety except that the calculation of the amount of interest owed for delinquent contributions during the period prior to the effective date of the amendment in February 2010, is to be calculated according to the terms of the Trust Agreement in effect prior to that date. In addition, post-judgment interest will accrue at the rate set forth in the Trust Agreement. Plaintiffs indicate that they no longer seek the injunctive relief sought in the complaint since the May 2010 contributions have been paid. (Mem. SJ 8). Plaintiffs also request attorneys' fees and costs, but such relief should be sought in a separate motion.

## CONCLUSION

Based on the foregoing analysis, the court grants Plaintiffs' motion for summary judgment in its entirety, except that the calculation of the amount of interest owed for delinquent contributions prior to February 15, 2010, is to be calculated according to the terms of the Trust Agreement in effect prior to that date. Plaintiffs are ordered to file a draft order for final judgment, including the amount of damages, consistent with this court's ruling by June 21, 2011.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 13, 2011